# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**, | )<br>)<br>) |
| v. | ) Case No. 1:01CR00002<br>)<br>) |
|  | ) **OPINION**<br>) |
| **ERNIE EMBREE**, | )<br>) By: James P. Jones |
| Defendant. | ) Chief United States District Judge<br>) |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for the United States; Ernie Embree, Pro Se Defendant.*

The defendant, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West 2006). Upon review of the record, I find that the government's motion to dismiss the defendant's claims as procedurally barred must be granted.

I

A grand jury sitting in this district returned a multi-count indictment on January 10, 2001, charging Ernie Embree and others with conspiracy to manufacture, possess, and distribute methamphetamine and related offenses. On January 20, 2002, Embree signed a Plea Agreement with the government in which he agreed to plead guilty to

Count Two of the indictment, which charged him with conspiracy to possess with intent to distribute and distribute more than 500 grams of a mixture of methamphetamine in violation of 21 U.S.C.A. §§ 846 and 841(b)(1)(A) (West 1999 & Supp. 2009). I sentenced him on June 13, 2002, to 125 months imprisonment. No appeal was filed. On September 15, 2006, I granted Embree relief under § 2255 upon finding that he had been denied the effective assistance of counsel because his attorney failed to consult with him about filing an appeal. *Embree v. United States*, No. 7:03CV00445 (W.D. Va. Sept. 15, 2006). On September 29, 2006, I entered a new judgment, imposing the same conviction and sentence.

Embree appealed his sentence, arguing that the government had breached his Plea Agreement by arguing for application of a two-level enhancement to his sentencing guidelines for possession of a weapon and that the court had erred in applying the enhancement. On January 31, 2008, the United States Court of Appeals for the Fourth Circuit denied the appeal. *United States v. Embree*, 262 F. App'x 499 (4th Cir.), *cert. denied*, 128 S. Ct. 2891 (2008). The court found that the government had breached the Plea Agreement by arguing that Embree should receive the two-level enhancement for possession of a weapon, because this argument was inconsistent with the government's stipulation in the agreement that it possessed no information that would prevent Embree from being eligible for sentencing below the

statutory mandatory minimum pursuant to the so-called "safety valve" provisions.[1]
*Id.* at 504-05. The court noted, however, that "[t]he party asserting the breach must prove by a preponderance of the evidence that he fulfilled all of his obligations under the agreement." *Id.* at 506 (citing *United States v. Snow*, 234 F.3d 187, 189 (4th Cir. 2000)). The court then went on to find that Embree had also breached the Plea Agreement by failing "to fully and truthfully disclose his involvement in the offense" and that nothing in the agreement excused his breach. *Id.* at 508. Because both parties had breached the Plea Agreement, the Fourth Circuit found that I did not err in applying the two-level enhancement to Embree's sentence for possession of a weapon. *Id.*

Embree now alleges the following grounds for relief : (1) The government initially breached the Plea Agreement by arguing for a two-level enhancement for possession of a weapon even before the defendant made his proffer to the probation officer; hence, the defendant was not bound by the agreement at the time that he made

---

[1] The agreement did not include an express promise that the government would not argue for a two-level enhancement for possession of a weapon. *Embree*, 262 F. App'x at 504. It did, however, include a stipulation that the government possessed no information that would prevent application of the safety valve provisions in 18 U.S.C.A. § 3553(f)(1)-(4) and the United States Sentencing Manual ("USSG") § 5C1.2(1)-(4). *Id.* The safety valve provision authorizes the judge to sentence without regard to any otherwise applicable, statutory mandatory minimum sentence, if certain criteria are met. *Id.* A defendant is not entitled to the benefit of the safety valve if he "possess[ed] a firearm or other dangerous weapon . . . in connection with the offense." § 3553(f)(2); USSG § 5C2(2).

- 3 -

the proffer, and the government cannot excuse its breach based on the defendant's conduct; and (2) In applying the two-level enhancement without giving Embree an opportunity to withdraw his guilty plea, the court improperly modified the Plea Agreement.

The government has filed a Motion to Dismiss, arguing that these claims are procedurally barred because the issues were fully litigated during the appeal.

II

Once an issue has been fully considered and decided on direct appeal, the defendant cannot relitigate the issue before this court under § 2255. *See Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Moreover, a collateral attack under § 2255 may not substitute for an appeal. Claims regarding trial errors that could have been, but were not, raised on direct appeal are barred from review under § 2255, unless the defendant shows cause for the default and actual prejudice resulting from such errors or demonstrates that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack because he is likely actually innocent of criminal conduct. *See United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999) (citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982)).

- 4 -

The government argues that Embree's present claims were both decided by the Fourth Circuit on appeal and that his motion should therefore be dismissed under *Boeckenhaupt*. Embree counters that his current claims are different than the issues addressed in the appellate opinion and may thus be addressed on the merits. He seeks specific enforcement of the agreement provision allowing him to be sentenced under the safety valve provisions of 18 U.S.C.A. § 3553(f).

Embree's arguments are unavailing. The Fourth Circuit expressly found that he had breached the Plea Agreement when he failed to give truthful information during his proffer. *Embree*, 262 F. App'x at 508. The Fourth Circuit also expressly held that because both parties had breached the agreement, I did not err in applying the two-level enhancement for possession of a weapon. *Id.* at 506-08. Therefore, he cannot revisit these issues in § 2255 proceedings. *Boeckenhaupt*, 537 F.2d at 1183.

III

For the stated reasons, the Motion to Dismiss must be granted and the § 2255 motion must be denied.

A separate Final Order will be entered herewith.

ENTER: August 20, 2009

/s/ JAMES P. JONES
Chief United States District Judge